NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MORELAND J. DIAMOND,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1781

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4003, Judge William P. Greene, Jr.

---

Decided: July 14, 2017

---

MORELAND J. DIAMOND, Glasgow, VA, pro se.

VITO SALVATORE SOLITRO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA M. BURKE; Y. KEN LEE, CHRISTOPHER ADELOYE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* NEWMAN, and LINN, *Circuit Judges.*

PER CURIAM.

Ms. Moreland J. Diamond ("Diamond"), pro se, appeals from a decision by the United States Court of Appeals for Veterans Claims ("Veterans Court") remanding her claim for an increased rating for her service-connected right knee disability and denying service connection for a lower back disability, including service connection secondary to her service-connected right knee disability. *Diamond v. Snyder*, No. 15-4003 (Vet. App. Feb. 1, 2017). For the reasons set forth below, we hold that the Veterans Court did not err with respect to its denial of secondary service connection for Diamond's lower back disability. We also hold that we lack authority to address the Veterans Court's remand relating to her right knee disability or its weighing of the medical evidence before it. The decision of the Veterans Court is therefore affirmed.

Because we write for the parties, we include only minimal background for context.

Diamond served on active duty in the United States Army from June 1987 to July 1991. She sustained a right knee injury while playing basketball, to which the Department of Veterans Affairs ("VA") assigned a 10% service-connected disability rating in September 1996. Diamond's medical records indicate that in March 1988 she complained of back and wrist pain, and reported a fall on her back.

In November 2008, Diamond sought an increased rating for her knee injury, and benefits for a lower back condition. The VA denied her an increased rating, concluded that "there is no current medical evidence of a

diagnosis of degenerative disc disease of the back," and denied service connection for lower back pain.

In January 2014, the VA provided Diamond with a medical examination for her lower back. The VA examiner stated the issue for examination as follows: "Opinion request: Secondary service connection – Is the Veteran's thoracolumbar disability [(lower back condition)] at least as likely as not (50 percent or greater probability) proximately due to or the result of her residuals of right knee injury." The examiner concluded that the condition is less likely than not "proximately due to or the result of the Veteran's service connected [right knee] condition," and that "Review of the veterna's [sic] electronic health record, the C-file and based on today's examination, no biomechanic condition originated from the right knee is present to cause a lumbar spine condition." In an April 2014 Addendum, a VA examiner concluded that it was "less likely as not (less than 50 percent or greater probability) incurred in or caused by in-service injury/event that occurred in March 1998," and that Diamond's condition was instead "degenerative arthritis of the lumbar spine[, which] is a condition of chronic use, aging and a genetic predisposition to lose fluid in the disc spaces."

On review, the Board of Veterans Appeals ("BVA") agreed and denied both Diamond's right knee and lower back claims. The BVA also remanded the assignment of a separate compensable rating for arthritis of the right knee. Diamond appealed the claims that were denied to the Veterans Court. The Veterans Court vacated the BVA's denial of a higher rating for Diamond's right knee disability because the BVA failed to provide an adequate statement of reasons or bases for the denial and remanded that issue for reconsideration. The Veterans Court affirmed the BVA's denial of Diamond's lower back claim. On February 17, 2017, Diamond moved for reconsideration, arguing that the BVA overlooked or misunderstood all of the medical evidence relating to her claim for sec-

ondary service connection for her lower back disability. On March 24, 2017, the Veterans Court denied her motion, concluding that Diamond's motion merely expressed disagreement with how the BVA weighed the evidence of record. Diamond timely appealed.

Diamond raises two arguments in this appeal. She first argues that the Veterans Court erred by denying "an increase for service-connected right knee injury" and by "fail[ing] to consider the daily impact on [her] quality of life" caused by her service-connected right knee injury and a secondary injury to her lower back, and by incorrectly "stating [that such injuries] did not significantly limit function ability," Appellant's Br. at 1. Diamond specifically contends that the BVA failed to consider evidence of her antalgic gait, uneven wear on her left shoe and other signs of uneven movement caused by the right knee disability that she associates with her lower back condition. Second, she argues the propriety of the April 2014 addendum examination relating to her lower back pain, which she contends incorrectly focused on direct service connection from a March 1988 fall—a claim she says she never made—rather than secondary service connection associated with her service-connected right knee injury.

This court's authority to review decisions of the Veterans Court is limited. "Section 7292 of title 38 provides that we 'shall decide all relevant questions of law' arising from appeals from decisions of the Veterans Court, but, '[e]xcept to the extent that an appeal ... presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.' 38 U.S.C. § 7292(d)(1), (d)(2)." *Sneed v. McDonald*, 819 F.3d 1347, 1350–51 (Fed. Cir. 2016).

We conclude that we lack jurisdiction to consider Diamond's first argument. With respect to the denial of an

increased rating for Diamond's knee injury, we have no jurisdiction because the Veterans Court's remand of the BVA's decision is not a final decision. *See Allen v. Principi*, 237 F.3d 1368, 1372 (Fed. Cir. 2001) ("Under our case law, however, our jurisdiction is limited to the review of final decisions of the Veterans Court, which usually does not include remands."). We also have no jurisdiction to consider the effect of Diamond's lower back injury on her quality of life or ability to function, or whether the VA, the BVA, and the Veterans Court failed to consider or properly weigh the evidence Diamond presented to show a causal connection between Diamond's lower back condition and her service-connected knee injury. This includes the evidence she presented of her antalgic gait, uneven wear on her left shoe and other signs of uneven movement. These are questions of fact over which this court lacks the authority to review. *See* 38 U.S.C. § 7292(d)(2).

The BVA on page 8 of its decision explicitly discussed the evidence presented as to her antalgic gait, uneven shoe wear and uneven movement. Diamond's contention that this evidence was not considered thus is more accurately a contention that the BVA failed to give it the weight she believes it deserves. We do not, however, have the authority to question the BVA's factual determinations. *See Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("Although [framed] as a challenge to the Board's failure to consider her evidence, . . . the Board fully and adequately considered and discussed all the relevant evidence in the case, . . . . [The] assertion that the Board did not consider her evidence thus necessarily was a contention that it did not give that evidence the weight she believed it should have received. The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations.").

Finally, with respect to the propriety of the April 2014 supplemental examination, we discern no error in the VA's conducting that examination or the BVA's treatment thereof. The examination conducted in January 2014 explicitly addressed Diamond's assertion of secondary service connection: "The question to this examiner is whether the Veteran's [lower back] disability at least as likely as not (50 percent or greater probability) proximately due to or the result of her residuals of right knee injury." The examiner concluded that the answer was "no," finding specifically that "no biometric condition originated from the right knee is present to cause a lumbar spine condition" and "there are no alignment conditions of the right knee to change posture, ambulation, or strength of lumbar spine muscles."

The fact that the VA undertook another examination in April 2014 and in that examination considered direct service connection does not provide a legal basis to overturn the Veterans Court's decision addressing secondary service connection. The consideration of direct service connection is consistent with the BVA's duty to liberally consider all theories of service connection and did not override or negate the BVAs consideration of the secondary service connection. *See DeLisio v. Shinseki*, 25 Vet. App. 45, 53 (2011) ("[U]pon the filing of a claim for benefits, the Secretary generally must investigate the reasonably apparent and potential causes of the veteran's condition and theories of service connection that are reasonably raised by the record or raised by a sympathetic reading of the claimant's filing."). Nothing in the April 2014 examination contradicts or otherwise questions the conclusions reached in the January 2014 examination. Both examinations reached the consistent conclusion that Diamond's lower back disability was the result of degenerative arthritis and not direct or secondary service connection.

For the foregoing reasons, the Veterans Court's denial of Diamond's claim for secondary service connection for her lower back condition is affirmed.

## COSTS

The parties shall each bear their own costs.

## **AFFIRMED**